## BENTLEY v. FIRST WISCONSIN NAT. BANK.

### No. 307.

District Court, E. D. Wisconsin.
June 10, 1940.

Edmond C. Nordyke and Sydney M. Eisenberg, both of Milwaukee, Wis., for plaintiff.

Paul R. Newcomb and Marcus L. Plant, both of Milwaukee, Wis., for defendant.

440

DUFFY, District Judge.

The defendant is a national banking corporation located at Milwaukee, Wisconsin. The complaint alleges that on May 22, 1940, the plaintiff presented to the defendant two five dollar bills issued by the United States of America and asked for one ten dollar bill in legal tender, and that a Federal Reserve note for ten dollars was given to the plaintiff by the defendant. The complaint then alleges that said Federal Reserve note is not legal tender currency of the United States and that the note was issued in violation of Article I, Sec. 8, Clause 5 of the United States Constitution, which provides: "The Congress shall have power * * * To coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard of Weights and Measures."

The complaint further alleges that the issuance of said note as legal tender was in violation of Article I, Sec. 9, Clause 7 of the Constitution, which provides that "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by law; and a regular Statement and Account of the Receipts and Expenditures of all public Money shall be published from time to time."

The complaint then alleges that the defendant had knowledge or should have known that said Federal Reserve note had no legal basis; that Congress cannot delegate authority for the issuance of money; that no State, nor private interests, are permitted to issue or manufacture money, which is then followed by the prayer for relief as follows: "Wherefore plaintiff demands judgment for the sum of Ten Dollars ($10.00) legal tender plus attorney's fees, costs, and disbursements, and other fees in connection with this action, and for such other relief as to the court may seem just and equitable."

Defendant moved to dismiss the action on the ground that the court had no jurisdiction of the subject matter thereof because "the amount actually in controversy is less than $3,000.00 exclusive of interest and costs." Upon oral argument the court asked attorneys for the plaintiff to indicate under what section of the Judicial Code this court could assume jurisdiction, and finally reliance was placed upon Title 28 U.S.C.A. § 41 (Judicial Code, § 24), subdivision 23, which provides: "Twenty-third. Of all suits and proceedings arising under any law to protect trade and commerce against restraints and monopolies."

There is nothing alleged in the complaint which would bring it under subdivision 23, and the motion to dismiss will be granted.